No. 2005-13

| | | |
|---|---|---|
| DONALD J. MCNEAL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CALCASIEU PARISH, LOUISIANA |
| | § | CV05-0791 |
| KANSAS CITY RAILWAY AND | § | |
| ED LAUGHLIN | § | 14TH JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:     JUDGE TRIMBLE

COME NOW, DONALD J. MCNEAL, Plaintiff in the above-entitled and numbered cause and files Plaintiff's First Amended Original Petition, complaining of KANSAS CITY RAILWAY AND ED LAUGHLIN, Defendants (hereinafter referred to as "Defendants"), and for a cause of action would show the following:

MAGISTRATE JUDGE WILSON

### PARTIES

1.  Plaintiff, DONALD J. MCNEAL, is appearing in Court through his attorney of record.

2.  Defendant, KANSAS CITY RAILWAY, is a is a business operating in Louisiana and may be served with process through its attorney of record.

3.  Defendant, ED LAUGHLIN, is an individual who can be served through his attorney of record.

### JURISDICTION AND VENUE

4.  This action is brought pursuant to the Louisiana Commission on Human Rights Act and Title VII.

Venue is proper in this discrimination suit in this district, because:

   a. The act giving rise to the claims of unlawful discrimination occurred in Louisiana, within this District;

   b. Plaintiff resides in Port Arthur, Texas; and

   c. Defendant does business in this District and in the State of Louisiana.

5.  This action is also brought pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* Jurisdiction is specifically conferred by 42 U.S.C. § 2000e(5), and 28 U.S.C. §§ 1343 and 1331. Therefore, suit is proper in the this District Court of Louisiana.

1

## FACTS AND CAUSES OF ACTION

5. Plaintiff was employed by Defendant Kansas City Railway. During the time he was employed there, the individual Defendant Ed Laughlin, made it clear to Plaintiff that he did not want to work with African-Americans. Defendant Ed Laughlin is bigoted toward all African-American employees of Kansas City Railway. The individual Defendant Laughlin undertook specific tortious acts and planned to disrupt the employment relationship of Plaintiff with Defendant Kansas City Railway. As such, Plaintiff sues the individual Defendant for tortious interference with business relationships, a civil conspiracy to commit this tort and intentional infliction of emotional distress, all of which have proximately caused actual damages to Plaintiff within the jurisdictional court limits of this court, for which Plaintiff sues.

6. Pleading further, Plaintiff would show that Laughlin Defendant did not have either an absolute or conditional privilege to tortiously interfere with Plaintiff's business relationship. The individual Defendant was not acting in the best interest of Kansas City Railway when he undertook these acts against Plaintiff, the Defendant was acting contrary to state law and there is no business justification for his conduct. As such, the individual Defendant is not entitled to an affirmative defense of privilege or justification.

7. Plaintiff is also suing Defendant Kansas City Railway for racial discrimination in employment based upon race, in violation of the Louisiana Commission on Human Rights Act and/or Title VII of the Civil Rights Act of 1964, as amended. Plaintiff is also suing this Defendant for racial discrimination, a hostile work environment, retaliation and wrongful termination. In this regard, the Plaintiff would show that this Defendant is bigoted toward African-Americans. This conduct is in violation of State law. Specifically, Defendant does not want to hire or retain black employees, such as Plaintiff. As such, Defendant looked for a pretextual reason to terminate the Plaintiff's employment, and when it found one, it used it to terminate Plaintiff. Plaintiff would show that white employees in the same or similar conditions or circumstances were not terminated under the same or similar circumstances.

8. Plaintiff filed an administrative proceeding under EEOC Cause No. 330-2003-03669. Plaintiff requested further a right to sue letter. As such, Plaintiff can now to bring this cause now in this Court.

### RELIEF REQUESTED

9. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered physical and mental anguish in the past, present and future; and Plaintiff has been and continues to be otherwise harmed as a result of the Defendant's conduct. Further, the Plaintiff has lost wages, insurance, retirement and other benefits due to the unlawful conduct by the Defendant.

10. Additionally, the Plaintiff, due to the unlawful acts of Defendant, has been forced to retain the services of the undersigned attorney to prosecute this claim. As such, the Plaintiff seek an award for services rendered by the undersigned attorney, together with reasonable expenses and costs pursuant to 42 U.S.C. §§ 2000e-5(k) and 1988 and/or any other applicable statute.

11. Pursuant to Title VII, 42 U.S.C. § 2000e-5(g) and/or the Louisiana Commission on Human Rights Act, Plaintiff herein prays for compensatory damages for past lost wages, future pecuniary losses, physical pain, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, for a total of $300,000.00

12. Additionally, Plaintiff would show that the acts of Defendant were made with malice or with reckless indifference to the federally protected rights of Plaintiff and as such, said Defendant is liable for exemplary or punitive damages, in an amount of $300,000.00.

13. Pursuant to the Louisiana Commission on Human Rights Act, Plaintiff herein prays for compensatory damages for past lost wages and future pecuniary losses; past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other past and future nonpecuniary losses; and reinstatement to his former position. Plaintiff also sues to recover all damages proximately caused by the torts of Defendants, as pled herein. Plaintiff also seeks all damages proximately caused by the torts of Defendant Laughlin, including Plaintiff's full economic damages (past and future), as well as all non-economic

3

damages (mental anguish and loss of enjoyment of life) in the past and into the future. Plaintiff requests an additional amount in attorneys' fees, to be set by the court, pursuant to statute.

14. Additionally, Plaintiff would show that the acts of Defendants were made with malice or with reckless indifference to the state protected rights of Plaintiff; and as such, Defendants are liable for exemplary or punitive damages, in an amount to be set by the jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendants be cited to appear and answer herein that Plaintiff recover his actual damages, punitive damages, statutory damages, attorneys' fees, costs and for such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

JOHN S. MORGAN
Louisiana Bar No. 19968
710 N. 11th Street
Beaumont, Texas 77702
Telephone: (409) 833-1196
Facsimile: (409) 832-7040

Thomas J. Burbank
State Bar No. 033553401
Raquel Galle
State Bar No. 00793768
Burbank & Hamm
3560 Delaware, Suite 311
Beaumont, Texas 77706
(409) 895-0200 – phone
(409) 895-0080 – facsimile

ATTORNEYS FOR PLAINTIFF,
DONALD J. MCNEAL

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a true and correct copy of the foregoing document has been provided to all parties of record, via facsimile, on this _____ day of April, 2005.

Robert E. Landry                                       **VIA FACSIMILE (337) 433-9436**
Richard E. Gerard, Jr.
SCOFIELD, GERARD, SINGLETARY & POHORELSKY
1114 Ryan Street
Lake Charles, LA 70601

_____
JOHN S. MORGAN

# LINDSAY & MORGAN, P.L.L.C.
## ATTORNEYS AT LAW
710 NORTH 11TH STREET
BEAUMONT, TEXAS 77702

PHONE (409) 833-1196   FACSIMILE (409) 832-7040



**SHAREHOLDERS**
Michael J. Lindsay
mlindsay@lindsaymorgan.com

John S. Morgan
jmorgan@lindsaymorgan.com

**ASSOCIATES**
Carolyn J. Noack
cnoack@lindsaymorgan.com

Alyx J. Parker
aparker@lindsaymorgan.com

**OF COUNSEL**
Laura A. Wallace
lwallace@lindsaymorgan.com

April 8, 2005

Mr. James R. Andrus
DISTRICT CLERK OF COURT, CALCASIEU PARISH
1000 Ryan Street
Lake Charles, Louisiana 70601

    Re:    Cause No. 2005-13; *Donald J. McNeal v. Kansas City Railway and Ed Laughlin* In the 14th Judicial District Court of Calcasieu Parish, Louisiana

Dear Mr. Andrus:

    Enclosed please find the original and one copy of Plaintiff's First Amended Original Petition. Please file the original among the papers of the Court and return a file-stamped copy to the undersigned.

    Thank you for your attention to this matter.

Very truly yours,

JENNIFER CLARKE
Legal Assistant

JLC/s

cc:    Robert Landry, via facsimile
       Tom Burbank, via facsimile