UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DONALD J. MCNEAL** | : | **DOCKET NO. 05 CV 791** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **KANSAS CITY RAILWAY** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Presently before the court is Defendant's motion in limine.  (Doc. 81).  Defendant seeks to exclude from evidence the EEOC determination letter which, in pertinent part, states:

> The Charging Party alleges that he was discharged because of his race, Black.
>
> Respondent states that it discharged the Charging Party for performance and safety violations.  The investigation revealed that the Respondent's disciplinary actions have been less severe in situations involving similar and more severe violation committed by white employees.  Based on this analysis, I have determined that the evidence obtained during the investigation does establish a violation of the statute.  I find that Respondent disciplines Blacks as a class more severely than whites for similar alleged conduct and infractions, in further violation of Title VII.

The admissibility of EEOC determination letters was first considered by the Fifth Circuit in *Smith v. Universal Services, Inc.*, 454 F.2d 154 (5th Cir. 1972).  The court concluded that the trial court erred in not considering the EEOC's investigation report and finding of probable cause.  In doing so the court stated:

> It is thus clear that the report is in no sense binding on the district court and is to be given no more weight than any other testimony given at trial.
> . . . .
> 	The Commission's decision contains finding of fact made from accounts by different witnesses, subjective comment on the credibility of these witnesses,

>and reaches the conclusion that there is reasonable cause to believe that a violation of the Civil Rights Act has occurred.  Certainly these are determination that are to be made by the district court in a de novo proceeding.  We think however, that to ignore the manpower and resources expended on the EEOC investigation and the expertise acquired by its field investigators in the area of discriminatory employment practices would be wasteful and unnecessary.
>
>The fact that an investigatory, trained and experienced in the area of discriminatory practices and the various methods by which they can be secreted, has found that it is likely that such an unlawful practice has occurred, is highly probative of the ultimate issue involved in such cases.  Its probative value, we believe, at least outweighs any possible prejudice to defendant.  "Prejudicial" cannot be equated with "harmful" in all cases; rather it connotes "harmful," plus "non-probative."

454 F.2d at 157

In *Price v. Federal Exp. Corp.*, 283 F.3d 715 (5th Cir. 2002) the court rejected the plaintiff's contention that the trial court had erroneously failed to give proper credence to an EEOC determination letter.  The court stated: "*Smith* can be readily distinguished because that case involved an EEOC investigative report, as opposed to a single determination letter.  As far as we can determine from the record, the EEOC in this case never conducted interviews with anyone other than Price, or compiled an investigative report." (Internal citation omitted) *Id.* at 725.

In *Cortes v. Maxus Exploration Co.*, 977 F.2d 195 (5th Cir. 1992) the court rejected the defendant's claim that the trial court had erred in excluding from evidence the EEOC's determination of no probable cause.  The trial court had excluded the determination based on F.R.E. 403 grounds concluding that its probative value was outweighed by its possible prejudicial effect.  The Fifth Circuit made clear that trial courts have discretion under Rule 403 to exclude an EEOC determination letter if the probative value of the letter is substantially outweighed by prejudicial effect or other considerations enumerated in the rule.  *Id.* at 201-2.

Rule 403 of the Federal Rules of Evidence provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In the present case the EEOC determination letter is essentially a conclusory finding with little probative value. In previously ruling on a motion for summary judgment in this matter this court concluded "that the conclusory EEOC Determination is not sufficient to create an issue of fact." August 8, 2006 Memorandum Ruling (Doc. 59). The determination letter here more closely resembles the determination letter at issue in *Price* than the investigative report and letter at issue in *Smith*. The provisions of the EEOC's Compliance Manual further undercut to probative value of the determination letter. Section 26.8 provides:

> 26.8 Conflicting Testimony
> Often there will be conflicting or contradictory evidence from various sources (e.g., respondent, charging party, third party witnesses). When confronted with conflicting testimony, exhaust all avenues in seeking corroborative evidence of each version of the facts (see § 604.6). While corroborative evidence may not be dispositive, document all such attempts in the file. Where exhaustive investigation fails to produce any evidence supporting either the charging party's or respondent's statement, generally accept the charging party's credible version of the facts.

This, in effect, establishes a presumption in favor of the plaintiff's version of the facts which presumption has no application in this litigation. Further, this presumption, if applied in the determination letter at issue here, would unfairly prejudice the defendant, and would likely result in the jury being misled as to the basis of the EEOC's determination. The jury in this case will be instructed that the plaintiff bears the burden of proof, and it would be logical for them to conclude that this same burden applied before the EEOC when, in fact, in might not have.

3

If the EEOC determination letter is admitted the defendant will be required to attack the basis for opinions expressed therein. This will result in a significant trial within a trial that will include a comparison of the evidence considered by the EEOC and the evidence submitted at trial, an attack on the conclusions reached, and presentation of the different standards that might be applicable. For example, for the plaintiff to rely on separate incidents of misconduct and the defendant's response to prove discrimination he must show that the other employees' circumstances, including their misconduct, were "nearly identical." *Perez v. Texas Dept. of Criminal Justice, 395 F.3d 206, 213 (5th Cir. 2004)*. However, the EEOC conclusion is apparently based solely on a comparison of disciplinary actions in "similar" and "more severe violations." If the EEOC did not use the proper standard for comparison the probative value of their determination is further undermined. In any event, the jury is likely to be either confused or misled or both. The "trial" of the EEOC determination letter would be an undue waste of time, and it would present a significant opportunity for juror confusion. These concerns are aggravated by the fact that determination letter here concludes that "Respondent disciplines Blacks as a class more severely than whites for similar alleged conduct and infractions." *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1346 (3rd Cir. 2002) ("This would certainly have involved a great deal of testimony–a trial within a trial in fact–about the employment histories of a large number of former employees.").

The probative value of the EEOC determination letter in this case is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, and considerations of undue delay and waste of time. Accordingly, the motion in limine is granted. The EEOC determination letter will not be admitted into evidence, and counsel is not to make

reference to it in the presence of the jury.

      THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of April, 2007.

                                                              ALONZO P. WILSON
                                                            UNITED STATES MAGISTRATE JUDGE