UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| DONALD J. MCNEAL | : | DOCKET NO. 05-0791 |
| --- | --- | --- |
| VS. | : | |
| KANSAS CITY RAILWAY, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is Plaintiff's Motion for Attorney Fees and Motion for Entry of Final Judgment. (Doc. 107). Also before the court is Defendant's Objection to Award of Pre-Judgment Interest. (Doc. 126). Both parties agree that the first step in arriving at an appropriate award of attorney's fees is to establish a lodestar fee. This is the figure arrived at by multiplying the number of reasonably expended hours by the reasonable hourly rates for professional services.

## REASONABLE HOURS

The first step in the determination of a lodestar fee is fixing of the number of hours reasonably expended on the case. The burden is on the Plaintiff to establish to reasonableness of the hours claimed. *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987). Defendant's only objection to the hours claimed relates to .60 hours listed on July 5, 2006, for communications with Brian Cole and Wayne Burns. Defendant contends that such communications were not proper and that, therefore, this time should be deducted. *See* Rule 4.2 of the Rules of Professional Conduct of the Louisiana State Bar Association*; See also Jenkins v.*

*Wal-Mart Stores, Inc.*, 956 F.Supp 695 (W.D.La. 1997). These men were employees of the defendant at the time of the communications. Rule 4.2 expressly prohibits communication with a current employee of a represented employee when that employee's "act or omission in connection with the matter may be imputed to the employer for purposes of civil or criminal liability." Defendant's argument has merit. The .60 hours will be deducted.

## **HOURLY RATE**

Attorney fees are to be calculated at the prevailing market rates for the relevant community. *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761 (5th Cir. 1996). Defendant does not contest the claimed rate of $200 per hour for lead counsel. Defendant does, however, contend that the $175 per hour for the associate attorneys. In contrast to the information provided relative to lead counsel little information has been provided relative to associate counsel. Defendant does not oppose a rate of $120 to $130 per hours. Based on the limited information provided and the observations of the court the rate for Ms. McLendon is fixed at $150 per hour. Mr. Parker's rate is fixed at $130 per hour.

## **ADJUSTMENT OF THE LODESTAR FEE**

The court has examined each of the factors set out in *Johnson v. Georgia Highway Express, Inc*. 488 F.2d 714 (5th Cir. 1974) in order to determine whether any adjustment in the lodestar fee is appropriate. None of these factors justifies an adjustment in this case. *See Walker, supra.* "There is a strong presumption that the lodestar is the reasonable fee." *Id*. at 771. Plaintiff has not born his burden of showing that an upward adjustment is necessary. Defendant requests a reduction in order to reflect "that plaintiff only obtained part of the relief originally sought. Considering the result such a reduction is not appropriate. *Id.* at 772. Defendant has not sought any further downward adjustment.

## CLAIM FOR FUTURE FEES

Plaintiff has also asked for fees for work that is anticipated in the future. This claim is denied at this time as speculative.

## EXPENSES

Defendant has not raised any objection to any of the expenses claimed. For this reason the claimed expenses are allowed.

## PRE-JUDGMENT INTEREST

Defendant's objection to an award of pre-judgment interest is denied.

Within 10 days of this date counsel for Plaintiff shall prepare a judgment consistent with this memorandum ruling, submit it to opposing counsel for approval as to form, and present it to the undersigned.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 18th day of June, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE